IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOHNNIE RAYE STRINGER,** | § | |
| **Institutional ID No. 2244923** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 4:22-CV-811-O** |
| | § | |
| **DIRECTOR, TDCJ-CID,** | § | |
| | § | |
| **Respondent.** | § | |

**OPINION AND ORDER**

Came on for consideration the petition of Johnnie Raye Stringer for writ of habeas corpus under 28 U.S.C. § 2254. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition must be **DISMISSED** as untimely.

**I.    BACKGROUND**

Petitioner was convicted of aggravated robbery with a deadly weapon under Cause Numbers 1511284D, 1511286D, 1511287D, and 1511289D in the Criminal District Court Number Three of Tarrant County, Texas, and is serving sentences of forty years' imprisonment as to each count, running concurrently. ECF No. 10-36 (SHCR-08) at 5–7; ECF No. 10-32 (SHCR-06) at 5–7; ECF No. 10-34 (SHCR-07) at 5–7; ECF No. 10-29 (SHCR-05) at 5–7. His convictions were affirmed on appeal. *Stringer v. State*, Nos. 02-19-00042-CR, 02-19-00043-CR, 02-19-00044-CR, 02-19-00045-CR, 2020 WL 938150 (Tex. App.—Fort Worth Feb. 27, 2020, pet. ref'd). On April 29, 2020, the Court of Criminal Appeals of Texas refused his petition for discretionary review. *Id.*

On May 8, 2020, Petitioner filed his first, second, third, and fourth state applications for writ of habeas corpus. ECF No. 10-21 (SHCR-01) at 26; ECF No. 10-23 (SHCR-02) at 26; ECF No. 10-26 (SHCR-03) at 26; ECF No. 10-27 (SHCR-04) at 26. These applications were dismissed

without written order on August 26, 2020, because the convictions were not final when the applications were filed. ECF No. 10-22 (SHCR-01) Action Taken; ECF No. 10-24 (SHCR-02) Action Taken; ECF No. 10-25 (SHCR-03) Action Taken; ECF No. 10-28 (SHCR-04) Action Taken.

On November 1, 2020, Petitioner filed his fifth, sixth, seventh, and eighth state applications for writ of habeas corpus. ECF No. 10-29 (SHCR-05) at 26; ECF No. 10-32 (SHCR-06) at 26; ECF No. 10-34 (SHCR-07) at 26; ECF No. 10-36 (SHCR-08) at 26. On May 26, 2021, the fifth, sixth, and seventh applications were denied without written order on findings of the trial court and on the independent review of the Court of Criminal Appeals. ECF No. 10-31 (SHCR-05) Action Taken; ECF No. 10-33 (SHCR-06) Action Taken; ECF No. 10-35 (SHCR-07) Action Taken. On July 14, 2021, the eighth state application was denied without written order on findings of the trial court and the independent review of the Court of Criminal Appeals. ECF No. 10-37 (SHCR-08) Action Taken.

On March 11, 2022, Petitioner filed his ninth, tenth, eleventh, and twelfth state applications for writ of habeas corpus. ECF No. 10-38 (SHCR-09) at 26; ECF No. 10-40 (SHCR-10) at 26; ECF No. 10-42 (SHCR-11) at 26; ECF No. 10-44 (SHCR-12) at 26. These applications were dismissed on May 11, 2022, without written order as subsequent. ECF No. 10-39 (SHCR-09) Action Taken; ECF No. 10-41 (SHCR-10) Action Taken; ECF No. 10-43 (SHCR-11) Action Taken; ECF No. 10-45 (SHCR-12) Action Taken.

On September 8, 2022, Petitioner filed his federal application for writ of habeas corpus. ECF No. 1. Petitioner raises four grounds:

1. denial of speedy trial;
2. insufficient evidence to show that Petitioner wielded a firearm;

3. violation of double jeopardy; and
4. ineffective assistance of counsel.

*Id.* at 8–9.[1]

## II.    LIMITATIONS

A one-year period of limitation applies to a petition for writ of habeas corpus by a person

in custody pursuant to the judgment of a state court. The period runs from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review
> or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action
> in violation of the Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by
> the Supreme Court, if the right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1).   Typically, the time begins to run on the date the judgment of conviction

becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment

becomes final when the time for seeking direct appeal expires or when the direct appeals have

been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is

pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas

petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*,

578 F.3d 314, 317 (5th Cir. 2009). A subsequent state petition, even though dismissed as

successive, counts to toll the applicable limitations period. *Villegas v. Johnson*, 184 F.3d 467, 470

---

[1] The page reference is to "Page ___ of 12" reflected at the top right portion of the document on the Court's electronic filing system. The typewritten page numbers on the form used by Petitioner are not the actual page number of the document.

(5th Cir. 1999). And, a motion for reconsideration of the denial of a state petition also counts to toll limitations. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re* Wilson, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Id.* Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629.

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no

juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 386–87; *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## III.    ANALYSIS

The Court of Criminal Appeals refused the petition for discretionary review on April 29, 2020. *Stringer*, 2020 WL 938150. The convictions became final September 28, 2020, when the time for filing petitions for writ of certiorari expired.[2] Thus, absent tolling, Petitioner was required to file his federal application for habeas relief by September 29, 2021.

As noted, Petitioner's first four applications for writ of habeas corpus were dismissed as premature. Since they were not properly filed, their filing did not toll limitations. 28 U.S.C. § 2244(d)(2); *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir.), *cert. denied*, 143 S. Ct. 127 (2022) (application is "properly filed" when its delivery and acceptance are in compliance with applicable laws and rules governing filings).

Petitioner's eighth petition, challenging his conviction in Cause No. 1511284D, was filed November 1, 2020, and denied on July 14, 2021, thus tolling limitations for 255 days. Petitioner's fifth, sixth, and seventh petitions were filed on November 1, 2020, and remained pending 207 days until denial on May 26, 2021. Petitioner's ninth, tenth, eleventh, and twelfth state habeas applications were filed March 11, 2022, and dismissed May 11, 2022, extending limitations by 61 days for each conviction. *Villegas*, 184 F.3d at 470. Accordingly, Petitioner had until August 15,

---

[2] As Respondent notes, the time period was extended from ninety to one hundred fifty days during the COVID-19 pandemic. ECF No. 9 at 7 & n.7.

2022, in which to challenge the conviction in Cause No. 1511284D, and until June 27, 2022, in which to challenge the remaining convictions by federal habeas application. He failed to timely file his federal application.

Petitioner alleges that the one-year limitations period does not bar his application, because access to the law library was restricted during COVID-19 and also due to his "seeking review in 11.07 writ of habeas corpus exhaustion of remedies." ECF No. 1 at 10. Neither of these excuses entitles him to equitable tolling as they present neither "rare" nor "exceptional" circumstances. *Felder*, 204 F.3d at 170–71. Petitioner makes no attempt to establish that he acted diligently in pursuing state habeas relief and then in filing his federal application. In particular, he does not identify any circumstance that prevented his timely filing a petition. *Holland*, 560 U.S. at 649. Obviously, nothing prevented Petitioner from timely making his federal filing inasmuch as he was able to file three separate sets of state habeas applications.

## IV.  CONCLUSION

For the reasons discussed herein, Petitioner's application is **DISMISSED AS UNTIMELY**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 13th day of February, 2023.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**